UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LINDSAY JENKINS,

                Plaintiff,

-against-

BRUCE EATON, NEILL PARKER,
ELIZABETH MURPHY, FOREST HILLS
GARDENS CORPORATION, STEPHEN
THOMAS, MAY SCHONHAUT, and JOHN
DOE/JANE ROE,

                Defendants.
----------------------------------------------------------------X
LINDSAY JENKINS,

                Plaintiff,

-against-

DIANA MURRAY, sued in her individual
and personal capacity, MICHAEL
CARDOZO, sued in his individual and
personal capacity, K GEORCANTZIS, sued
in his individual and personal capacity,
SUZANNE BEDOE, sued in her official
capacity, SHARON ALBO, sued in her
individual and personal capacity, and JOHN
DOE/JANE ROE,

                Defendants.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**
08-CV-0713 (NGG)(LB)
09-CV-0163 (NGG)(LB)

NICHOLAS G. GARAUFIS, United States District Judge.

Pending before the court are two cases filed by pro se Plaintiff Lindsay Jenkins ("Plaintiff") relating to property she owns in Forest Hills Gardens, Queens. On February 19, 2008, Plaintiff filed suit under the Fair Housing Act ("Fair Housing Act"), 42 U.S.C. § 3601 et seq., and New York common law against three employees of the City of New York (the

1

"Municipal Defendants"), as well as the Forest Hills Gardens Corporation ("FHG") and several of its officers, members or employees (collectively, the "FHG Defendants"). See Jenkins v. Eaton, No. 08-cv-0713 (NGG), Docket Entry # 1 (E.D.N.Y.) ("Jenkins I"). On January 15, 2009, she filed essentially the same suit adding various other municipal personnel, including members of the New York City Law Department, as well as a person allegedly in possession of part of her property (the "New Defendants"). See Jenkins v. Murray, No. 09-cv-0163 (NGG), Docket Entry # 1 (E.D.N.Y.) ("Jenkins II").[1] The allegations in both suits arise from New York City Department of Buildings proceedings that were initiated against Plaintiff for building code violations, as well as from the denial of parking passes to Plaintiff's tenants.

Three issues are addressed in this Memorandum and Order: (1) Plaintiff's requests for a preliminary injunction; (2) Plaintiff's request for more time to respond to Defendants' respective Motions for Summary Judgment; and (3) Plaintiff's service of court filings upon Defendants.

I.      Motions for Preliminary Injunction

In Jenkins I, the Municipal Defendants and the FHG Defendants moved to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1) & (6). (See Jenkins I, Docket Entries ## 37, 38.) On March 26, 2009, the court granted the Municipal Defendants' Motion, thereby dismissing them from the case. (See id., Docket Entry # 47 (the "March 26 M&O").) The court also granted in part and denied in part the FHG Defendants' Motion to Dismiss, ruling that Plaintiff had stated a claim under the Fair Housing Act, but had not stated a claim under New York common law. (Id.)

---

[1] In two previous cases, this court warned Plaintiff against filing duplicative complaints relating to the same matter. See Jenkins v. Phillips, No. 09-cv-1825 (NGG), Docket Entry # 8 (E.D.N.Y. May 26, 2009); Jenkins v. Saft, No. 04-cv-1491(NGG), Docket Entry # 8 (E.D.N.Y. Apr. 13, 2004). The court reiterates here that Plaintiff should not file multiple suits relating to the same matter.

2

On March 25, 2009—the day before the court issued the March 26 M&O—Plaintiff filed a Motion for a Preliminary Injunction seeking to prevent the FHG Defendants from "interfering with Plaintiff's use of the common streets within Forest Hills Gardens," and requiring them to "issue 'parking stickers' to Plaintiff's tenants at 388 Burns Street." (See id., Docket Entry # 49 ("First PI Motion"), Notice of Motion 1-2.) In her Motion, Plaintiff correctly recognized her burden to show a "likelihood of success on the merits" or a sufficiently "serious question" going to the merits. Id., Motion 5-6; see Green Party v. N.Y. State Bd. of Elections, 389 F.3d 411, 418 (2d Cir. 2004). She has not met that burden. As the March 26 M&O sets out, Plaintiff appears to be claiming that the FHG Defendants violated the Fair Housing Act by denying parking passes to her tenants in retaliation for her renting property to an African American couple. (See March 26 M&O 11.) In the First PI Motion, however, Plaintiff nowhere supports (or mentions) this basis for her claim, instead providing a series of caustic and conclusory attacks against the FHG Defendants. On the other hand, the FHG Defendants submitted evidence with their Motion to Dismiss that tends to show that their denial of parking passes was not retaliation. (See Jenkins I, Docket Entry # 38.) Although this evidence could not be relied upon to grant a motion to dismiss, it undermines the unsupported contention in Plaintiff's First PI Motion that she is likely to succeed on the merits or that she raises a serious question going to the merits. Accordingly, Plaintiffs' First PI Motion is DENIED.

On March 25, 2009, Plaintiffs also sought a preliminary injunction preventing the New Defendants from "harassing Plaintiff or her tenants" by sending mailings to 388 Burns Street. (See Jenkins II, Docket Entry # 14 ("Second PI Motion"), Notice of Motion 1-2; see also Jenkins I, Docket Entry # 50.) As with the First PI Motion, Plaintiff has not shown that she is likely to succeed on the merits of her case or that she has raised a serious question going to the merits.

3

The court has set forth reasons in its March 26 M&O that her allegations relating to mailings from the Municipal Defendants do not state a claim. (See March 26 M&O 4-10.) Plaintiff has provided no reason that this conclusion should be any different for her nearly duplicative claims relating to the New Defendants. Accordingly, the Second PI Motion is also DENIED.

## II. Request for Extension of Time

In Jenkins I, the FHG Defendants requested a pre-motion conference by letter dated April 6, 2009. (See Jenkin I, Docket Entry # 51.) In Jenkins II, the New Defendants requested a pre-motion conference by letter dated February 20, 2009. (See Jenkins II, Docket Entry # 7.) The court held a consolidated pre-motion conference for both matters on May 14, 2009. (See Jenkins I, Minute Entry dated May 14, 2009; Jenkins II, Minute Entry dated May 14, 2009.) Although the court attempted to contact Plaintiff at the numbers listed on the docket sheet, it was not successful. Plaintiff did not appear at the pre-motion conference.

At the conference, the court set briefing schedules for the FHG Defendants' Motion for Summary Judgment in Jenkins I and the New Defendants' Motion to Dismiss in Jenkins II. According to the briefing schedule for Jenkins I, the FHG Defendants' Motion was to be served by June 19, 2009, Plaintiff's response was to be served by July 24, 2009, and the fully briefed Motion, including any reply, was to be filed with the court by July 31, 2009. (See Jenkins I, Minute Entry dated May 14, 2009.) According to the briefing schedule set for Jenkins II, the New Defendants' Motion to Dismiss was to be served by June 8, 2009, Plaintiff's response was to be served by July 6, 2009, and the fully briefed Motion, including any reply, was to be filed by July 13, 2009. (See Jenkins II, Minute Entry dated May 14, 2009.)

By letters received on July 17, 2009, Plaintiff requested that the court extend her time to file a response in each matter until August 4, 2009. (See Jenkins I, Docket Entry # 53; Jenkins

4

II, Docket Entry # 17.) In response, the Defendants have stated that they do not oppose an extension. (See Jenkins I, Docket Entry # 53; Jenkins II, Docket Entry # 19.) The FHG Defendants have requested until August 21, 2009 to reply and the New Defendants have requested until August 25, 2009 to reply. (Id.) The court grants Plaintiff an extension to respond to the Defendants' respective Motions until August 4, 2009. The FHG Defendants and the New Defendants shall file their fully briefed Motions, including replies, no later than August 25, 2009. No further extensions will be granted.

### III. Service of Plaintiff's Filings

Finally, the FHG Defendants have indicated that they were not served with Plaintiff's request for an extension, even though the certificate of service submitted by Plaintiff indicates that she served the FHG Defendants by fax on July 15, 2009. (See Jenkins I, Docket Entry # 53) The New Defendants have also indicated that they were not served with Plaintiff's submissions by fax. (See Jenkins II, Docket Entry # 19.) Because Plaintiff's request was not posted on ECF until July 27, 2009, the Defendants assert that they did not receive her requests until then. The Defendants request, therefore, that Plaintiff serve them with any court filings by email or first class mail, in addition to fax. In the interest of ensuring proper service, the court grants this request, and directs Plaintiff to serve court filings on Defendants by email or first class mail, in addition to fax.

### IV. CONCLUSION

Plaintiff's two requests for a preliminary injunction are DENIED. Plaintiff's request to extend her time to respond in Jenkins I and Jenkins II until August 4, 2009 is GRANTED. The Defendants shall each file their fully briefed Motions, including any replies, no later than August

5

25, 2009. Finally, Plaintiff is ORDERED to serve any filings on the Defendants by first-class mail or email, in addition to fax.

SO ORDERED.

Dated: Brooklyn, New York
July 30, 2009

s/ NGG
NICHOLAS G. GARAUFIS
United States District Judge